Richard L. Stubbs, ISB No. 3239
Anita H. Hurlburt, ISB No. 10705
PERKINS, MITCHELL, POPE & MCALLISTER LLP
Capitol Park Plaza
300 North 6th Street, Suite 200
P. O. Box 519
Boise, Idaho 83701
Telephone: (208) 345-8600
Facsimile: (208) 345-8660
Email: service@perkinsmitchell.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BITCO GENERAL INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>ROCKIN' T CONSTRUCTION, INC., and DAVID L. MCGUIRE, as Trustee of the DAVID MCGUIRE LIVING TRUST 2011,<br><br>Defendants. | Case No. CV4:20-cv-445<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Comes now BITCO GENERAL INSURANCE CORPORATION, by and through its counsel of record, the law firm of Perkins, Mitchell, Pope & McAllister LLP, and complains and alleges as follows:

### I.  Parties, Jurisdiction, and Venue

1. Bitco General Insurance Corporation ("BITCO") is and at all relevant times was an Illinois corporation with its principal place of business in Iowa, and duly authorized to transact the business of insurance in the State of Idaho.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

2. Defendant Rockin' T Construction, Inc. ("Rockin' T") is and at all relevant times was a corporation organized under the laws of the State of Idaho.

3. Defendant David L. McGuire; as Trustee of the David McGuire Living Trust dated May 16, 2011 (herein after McGuire), is a resident of the State of California and is the record owner of real property located in Bonneville County, Idaho, commonly known as 113 Raven Road, Irwin, Idaho ("Irwin Property").

4. The Court has jurisdiction over this claim pursuant to 28 U.S.C. Section 1332, as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.

5. This Court also has jurisdiction of this claim and is authorized to grant Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. Section 2201, implemented through Rule 57 of the Federal Rules of Civil Procedure, and pursuant to Idaho Code Section 5-514, in that BITCO contracted to insure Rockin' T within the State of Idaho.

## II. Statement of Facts

6. BITCO issued a commercial general liability policy to Rockin' T under Policy Number CLP 3 668 074 B for the Policy Period of May 1, 2018 to May 1, 2019 ("the CGL Policy"). A true and accurate copy of the CGL Policy is attached hereto as Exhibit "A".

7. BITCO also issued a commercial umbrella liability policy to Rockin' T under Policy Number CUP 2 815 700 B for the Policy Period of May 1, 2018 to May 1, 2019 ("the Umbrella Policy"). A true and accurate copy of the Umbrella Policy is attached hereto as Exhibit "B".

8. The CGL Policy and the Umbrella Policy issued by BITCO provided insurance coverage for Rockin' T under certain terms, conditions, definitions, exclusions, and limits.

9. The CGL Policy provides, in part, that it will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" or "personal and advertising injury" to which the insurance applies, but that it would have no duty to defend the insured against any suit seeking damages for "bodily injury" or "property damage" or "personal and advertising injury" to which the insurance does not apply.

10. The Umbrella Policy provides, in part, that it will pay the "ultimate net loss" in excess of the "retained limit" that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" or "personal and advertising injury" to which the insurance applies, but that it would have no duty to defend the insured against any suit seeking damages for "bodily injury" or "property damage" or "personal and advertising injury" to which the insurance does not apply.

11. On or about March 6, 2020, McGuire filed a Counterclaim against Rockin' T in the District Court of the Seventh Judicial District of the State of Idaho, in and for the County of Bonneville, Case No. CV10-20-0544 ("the Counterclaim"), arising out of a contract between McGuire and Rockin' T and work performed by Rockin' T on the Irwin Property. A true and accurate copy of the Counterclaim is attached hereto as Exhibit "C".

12. The Counterclaim alleges that, on or about March 25, 2019, McGuire and Rockin' T entered into a written fixed price contract for improvements to the Irwin

Property, including, but not limited to, construction of a pond, water feature, beach, dock, well, entry gate, driveway, and septic drain field.

13. The Counterclaim alleges that Rockin' T commenced work as agreed and performed a portion of the work but failed to complete the full project as specified in the contract.

14. The Counterclaim alleges causes of action for (1) breach of contract, (2) construction defect, (3) negligence, (4) violation of the Idaho Consumer Protection Act, (5) quiet title, and (6) slander of title, and seeks an award of attorney fees.

## CLAIM FOR DECLARATORY JUDGMENT

15. Paragraphs 1 – 14 are incorporated by reference as if set forth in full.

16. Rockin' T has demanded under Claim No. 663005 that BITCO defend McGuire's action for damage against Rockin' T and pay any judgment that may be rendered therein within policy limits. BITCO agreed to defend the action subject to a reservation of rights pending resolution of the coverage issues.

17. Any and all defense and indemnity obligations inuring to the benefit of Rockin' T are subject to the terms, conditions, definitions, limits, and exclusions set forth in BITCO's CGL and Umbrella Policies, including, without limitation, the fact that the claims of McGuire are not covered under the Policies' Insuring Agreements, and exclusions for claims where the claim arises out of (1) contractual liability; (2) damage to Rockin' T's work; (3) damage to property on which Rockin' T was working because its work was incorrectly performed; (4) damage to Rockin' T's product; (5) damage claimed for loss of use of Rockin' T's product, work, or impaired property; (6) personal and advertising injury unless covered under Coverage B–Personal and Advertising Liability

Coverage; (7) a knowing violation of rights of another; (8) damages caused by material published with knowledge of its falsity; (9) damages caused by breach of contract; (10) damages caused by deficits of quality or performance of Rockin' T's contract; (11) personal and advertising injury arising out of the wrong description of prices; (12) violation of a consumer protection act; (13) construction management errors and omissions; and (14) damages arising out of the rendering of or failure to render professional services.

18. BITCO's CGL and Umbrella Policies do not provide insurance coverage for some or all of the allegations made against Rockin' T (or any other party) arising out of or relating to the Counterclaim.

19. BITCO has no duty to indemnify and no obligation to make payment for all or some of the allegations made against Rockin' T (or any other party) arising out of or relating to the Counterclaim. To the extent that no claims or allegations are covered under the BITCO CGL and Umbrella Policies, BITCO has no duty to defend Rockin' T (or any other party) in the Counterclaim.

20. An actual, real, and substantial controversy exists involving BITCO and Rockin' T and McGuire with respect to their conflicting claims and legal relations.

21. As a consequence of the controversy, BITCO has been obligated to set up and maintain reserves for the alleged claims of McGuire and incur defense costs, and, unless and until such controversy and the rights and legal relations to the parties are judicially determined, adjudicated, and declared herein, BITCO will be obligated to continue such reserves, and BITCO will continue to incur defense costs.

22. Pursuant to 28 U.S.C. § 2201, BITCO is entitled to a determination by the Court that there is no coverage under the CGL and Umbrella Policies for the claims presented pursuant to Claim No. 663005.

### III. Reservation

The Counterclaim lawsuit is ongoing. BITCO expressly reserves all rights to rely upon terms, conditions, definitions, and exclusions in the BITCO CGL and Umbrella Policies not identified above in seeking its declaratory relief herein.

### IV. Prayer for Relief

Wherefore, BITCO General Insurance Corporation requests the following relief:

1. A declaration by reason of the terms and conditions of the CGL and Umbrella Policies and of the facts herein alleged that coverage is not afforded by the CGL and Umbrella Policies issued and delivered by BITCO General Insurance Corporation to Rockin' T Construction, Inc., designated as the insured in the CGL and Umbrella Policies' declarations, and that the Court declare that BITCO General Insurance Corporation does not have a duty to defend Rockin' T Construction, Inc. in the aforementioned Counterclaim brought against it, and that BITCO General Insurance Corporation should not have a duty to indemnify Rockin' T Construction, Inc. or to pay any judgment found in the action against Rockin' T Construction, Inc. by David L. McGuire as Trustee of the David L. McGuire Living Trust dated May 16, 2011 in the District Court of the Seventh Judicial District of the State of Idaho, in and for the County of Bonneville, Case No. CV10-20-0544, and further requests that BITCO General Insurance Corporation receive an award of costs as is equitable and just.

2. Such other and further relief as this Court deems just and equitable.

## V. Jury Demand

BITCO General Insurance Corporation demands a trial by not fewer than twelve jurors as to all issues.

DATED this 21st day of September, 2020.

                Perkins, Mitchell, Pope & McAllister LLP

                By: /s/Richard L. Stubbs
                    Richard L. Stubbs, of the Firm
                    Attorneys for Plaintiff